FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
ANTHONY S. CHAVEZ (SBN 288089)
anthonyc@novianlaw.com
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

Attorneys for Plaintiff SHAHRIAR KHAZAI, suing individually and derivatively on behalf of ANOMA LA, CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRIAR KHAZAI, an individual, suing individually and derivatively on behalf of ANOMA LA, CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RUCHIKA GROVER, an individual; ANIRUDH "AJAY" GROVER, an individual; NATCO EXPORTS PVT LTD, an Indian corporation; and DOES 1-10, inclusive,<br><br>Defendants,<br><br>and<br><br>ANOMA LA, CORP., a California corporation,<br><br>Nominal Defendant. | CASE NO: 2:22-cv-00100-SPG-KS<br><br>**PLAINTIFF SHAHRIAR KHAZAI'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE BY ALTERNATIVE MEANS ON DEFENDANTS RUCHIKA GROVER, ANIRUDH "AJAY" GROVER, AND NATCO EXPORTS PVT LTD.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Filed concurrently with the Declaration of Anthony S. Chavez and [Proposed] Order<br><br>Date: November 16, 2022<br>Time: 1:30 p.m.<br>Judge: Honorable Sherilyn Peace Garnett<br>Courtroom: 5C |

1

PLAINTIFF'S MOTION FOR SERVICE OF SUMMONS BY ALTERNATIVE MEANS

TO THE COURT:

PLEASE TAKE NOTICE THAT on November 16, 2022, or as soon thereafter as counsel may be heard by the Court, Plaintiff Shahriar Khazai will and hereby does move pursuant to Federal Rule of Civil Procedure 4(f)(3) for an order authorizing email service on Defendants Anirudh "Ajay" Grover, Ruchika Grover, and Natco Exports PVT LTD.

The grounds for this Motion ("Motion") are that Federal Rule of Civil Procedure 4(f)(3) allows for service of pleadings "by other means not prohibited by international agreement, as the court orders." The Court may lawfully allow service by email and may also lawfully allow substitute service of a summons and complaint on U.S. counsel purporting to represent the defendant under Rule 4(f)(3). *Shinde v. Nithyananda Foundation,* No. EDCV 13-00363-JGB (SPx), 2014 WL 12597121, *6-*8 (C.D. Cal. Aug. 25, 2014) (granting Plaintiff's motion for service by email and for substituted service upon Indian defendants' counsel pursuant to Rule 4(f)(3)); *Richmond Tech., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 WL 2607158, *11-*14 (N.D. Cal. Jul. 1, 2011) (granting Plaintiff's motion for substituted service upon Indian defendants' counsel pursuant to Rule 4(f)(3).) A party may attempt service by other means under Rule 4(f)(3) as a first resort because service under Rule 4(f)(3) is not "a last resort." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Anthony S. Chavez, the record, pleadings, and papers on file herein, and upon such further evidence as may be presented at the time of the hearing.

///
///
///
///

| | | |
|---|---|---|
| 1 | Dated: September 8, 2022 | NOVIAN & NOVIAN, LLP |
| 2 | | Attorneys at Law |
| 3 | | By: _____ |
| 4 | | FARHAD NOVIAN |
| | | ANTHONY S. CHAVEZ |
| 5 | | |
| 6 | | Attorneys for Plaintiff SHAHRIAR KHAZAI, an individual |

## MEMORANDUM OF POINTS AND UTHORITIES

### I. INTRODUCTION

Plaintiff seeks an order allowing for email service of the Defendants and U.S.-based attorneys purporting to represent them under Federal Rule of Civil Procedure 4(f)(3). Counsel for Plaintiff has corresponded by email successfully with Defendants Anirudh "Ajay" Grover ("Ajay") and Ruchika Grover ("Ruchika") multiple times in this case. Counsel for Plaintiff has also received settlement communications from Jacob Shakarchy of Cox Padmore Skolnik & Shakarchy LLP in New York, NY on behalf of Defendants Ajay Grover and Natco Exports PVT LTD. ("Natco"). Counsel for Plaintiff has also received correspondence from John Walton of Walton Law Group, P.C. in Pasadena, CA on behalf of Ruchika and Ruchika gave advance, express, affirmative consent for all correspondence from Plaintiff to be sent to Mr. Walton.

This case is not proceeding forward in a timely manner because the Defendants are all located in India and Plaintiff is attempting service under the Hague Convention through India's Central Authority. Service through the Hague Convention takes approximately six months to a year to complete.

In the interests of justice, Plaintiff requests that the Court allow service of the summons and complaint by email to allow this case to proceed forward in a timely manner. Service by email to the Defendants and their attorneys will ensure that each of the Defendants receives actual notice of this lawsuit that comports with due process.

Accordingly, the Court should grant leave to serve the summons and complaint in this case by alternative means as detailed herein and the concurrently-filed proposed order.

### II. STATEMENT OF FACTS

This action arises from Defendants' attempts to usurp corporate opportunities from Anoma LA, Corp. ("Anoma" or the "Company"), steal money meant for the

Company, and unlawfully bypass the Company and Plaintiff Shahriar Khazai's share of the profits, revenues, goodwill, and reputation of the Company.  (Complaint ¶ 4.)

In 2018, Natco formed Anoma in California with Mr. Khazai to sell decorative stonework in the United States.  Mr. Khazai and Natco, which is owned by Defendants Ajay and Ruchika, were to be 50% shareholders.  (Complaint ¶¶ 4, 7, 9, 20-21.)  Mr. Khazai would run the Company in the United States while Natco manufactured the decorative stonework for customers developed by Mr. Khazai.  (Complaint ¶ 22.)  Ruchika was to provide design services for customers developed by Mr. Khazai and also serve as a director and officer of Anoma.  (Complaint ¶ 22.)  Mr. Khazai served as the Company's other director.  (Complaint ¶ 22.)

In 2021, once Anoma started to become profitable and generate lucrative clients, Ajay, Ruchika, and Natco took steps to freeze Mr. Khazai out of the Company and attempt to deprive him of his 50% share of the profits of the Company.  (Complaint ¶¶ 24-34.)

Plaintiff filed his Complaint on January 5, 2022. (Dkt. 1, dated Jan. 5, 2022.) Counsel for Plaintiff immediately had process servers attempt to serve Ruchika, but further investigation has revealed that she left the United States in December 2021 for India.  (Decl. of Anthony S. Chavez ¶ 3.)

Because Natco, Ajay, and Ruchika are located in India and are Indian citizens, Plaintiff must serve them pursuant to the Hague Convention.  (Chavez Decl. ¶ 5.) India does not allow service of process through postal channels.  (Chavez Decl. ¶ 6.) Because Hague Convention service in India takes a long time (six months to 1 year), counsel or Plaintiff requested that the Court set a date for a status update on or before January 13, 2023.  (Chavez Decl. ¶¶ 2, 7.)

On January 10, 2022, Counsel for Plaintiff sent a preservation demand letter to Ajay and Ruchika by email to ajay@anomastone.com and ruchika@anomastone.com that was delivered successfully. (Chavez Decl. ¶ 9, Ex. C.)

1   On January 25, 2022, counsel for Plaintiff contacted Ajay at his
2   ajay@anomastone.com email address and that email was delivered successfully.
3   (Chavez Decl. ¶ 8, Ex. A.)  Counsel for Plaintiff received a response from an
4   attorney purporting to represent Natco, Mr. Shakarchy.  (Chavez Decl. ¶ 8, Ex. B.)
5   Mr. Shakarchy copied ajay@anomastone.com with his email response to counsel for
6   Plaintiff.  (*Ibid.*)
7   On May 18, 2022, Ruchika sent Plaintiff a letter via FedEx and copied to
8   Natco and Ajay stating that (1) she left the U.S. and went back to India, (2) hired Mr.
9   Walton to representer in Los Angeles, and (3) "[y]ou can direct any communications
10  to me care of my attorney in Los Angeles."  (Chavez Decl. ¶ 10, Exs. D and E.)  Mr.
11  Walton emailed counsel for Plaintiff with Ruchika's letter.  (*Ibid.*.)  To be clear,
12  Ruchika gave Plaintiff express, affirmative permission to send all correspondence to
13  Mr. Walton on May 18, 2022.  (Chavez Decl., Ex. D.)
14  On September 7, 2022, Ruchika sent a letter to Plaintiff by email from her
15  ruchika@anomastone.com email address and also copying ajay@anomastone.com.
16  (Chavez Decl. ¶ 11, Ex. F.)
17  Plaintiff has no reason to believe that Ruchika cannot be reached at
18  ruchika@anomastone.com or that Ajay cannot be reached at ajay@anomastone.com.
19  (Chavez Decl. ¶¶ 12-13.)  Plaintiff has no reason to believe that service of the
20  summons and complaint on Ajay and Ruchika will not also reach Natco given that
21  Ajay and Ruchika are shareholders and directors of Natco.  (Complaint ¶¶ 7, 9;
22  Chavez Decl. ¶¶ 4, 12-13.)  Plaintiff further has no reason to believe that copying
23  Mr. Shakarchy and Mr. Walton, both of whom stated to Counsel for Plaintiff they
24  represented Natco and Ruchika respectively, will not provide adequate notice of the
25  lawsuit to Ajay, Ruchika, and Natco.  (Chavez Decl. ¶¶ 4, 12-13.)  Email service on
26  ajay@anomastone.com, ruchika@anomastone.com, jwalton@waltonlawgroup.com,
27  and shakarchy@cpsslaw.com will comport with due process because counsel for
28

Plaintiff is certain that the summons and complaint will reach Ajay, Ruchika, and Natco. (Chavez Decl. ¶¶ 12-13.)

In the interests of justice and to get this case moving forward in a timely manner, Plaintiff requests that the Court grant leave to serve the summons and complaint in this case by email to ajay@anomastone.com, ruchika@anomastone.com, jwalton@waltonlawgroup.com, and shakarchy@cpsslaw.com. (Chavez Decl. ¶¶ 12-13.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) sets forth three possible methods for serving defendants in a foreign country. Rule 4(f)(1) allows for service by an internationally agreed means of service reasonably calculated to give notice, including by those of the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, U.N.T.S 163 ("Hague Convention"). In the absence of an international agreement or if an agreement allows but does not specify other means, Rule 4(f)(2) permits service by a method reasonably calculated to give notice. Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." Rule 4(f) does not create a hierarchy of preferred methods of service abroad. Instead, each of its three subsections "stands independently, on equal footing." *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002.) A party seeking service by other means pursuant to Rule 4(f)(3) does not need to attempt service under the other subsections first, because service under Rule 4(f)(3) is not "a last resort." *Ibid.*

The language of Rule 4(f)(3) allows the Court to order any method of service that is not prohibited by international agreement. The Court has complete discretion to order service by any alternative method, including service by email and substitute service on foreign defendants' U.S. counsel. *Shinde v. Nithyananda Foundation,* No. EDCV 13-00363-JGB (SPx), 2014 WL 12597121, *6-*8 (C.D. Cal. Aug. 25, 2014)

(order finding email service to Indian defendants is not prohibited by international agreement and granting Plaintiff's motion for service by email and for substituted service upon Indian defendants' counsel pursuant to Rule 4(f)(3)); *Richmond Tech., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 WL 2607158, *11-*14 (N.D. Cal. Jul. 1, 2011) (order finding substitute service on counsel is not prohibited by international agreement and granting Plaintiff's motion for substituted service upon Indian defendants' counsel pursuant to Rule 4(f)(3).)

The only limitation on the Court's discretion is whether the method chosen for service comports with due process. *Shinde*, 2014 WL 12597121, *6-*8. Email service on email addresses the Plaintiff knows will reach the Defendants and U.S.-based attorneys purporting to represent the Defendants comports with due process. *Ibid.*

## IV. THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER ALTERNATIVE SERVICE BY EMAIL IN THIS CASE.

Plaintiff proposes email service to email addresses that both he and counsel for Plaintiff have received emails from and successfully sent emails to during the pendency of this action. Specifically, Plaintiff and counsel for Plaintiff know that Ruchika is using ruchika@anomastone.com and Ajay is using ajay@anomastone.com for correspondence with Plaintiff and counsel for Plaintiff and that communications to John Walton, jwalton@waltonlawgroup.com, will reach Ruchika and communications to Jacob Shakarchy, shakarchy@cpsslaw.com, will reach Ajay and Natco. (Chavez Decl. ¶ 4, 8-13 and Exhs. A-F.) Ruchika specifically told Plaintiff that "[y]ou can direct any communications to me care of my attorney in Los Angeles. (Chavez Decl. ¶ 10, Ex. D.)

Service by email to the Defendants and their U.S.-based counsel comports with due process and is reasonably calculated to give actual notice of this lawsuit to Defendants. Service by email to the Defendants and their U.S.-based counsel is not prohibited by international agreement.

5
PLAINTIFF'S MOTION FOR SERVICE OF SUMMONS BY ALTERNATIVE MEANS

1  If the Court is concerned that Ruchika's purported resignation from Anoma
2  means that Ruchika will no longer be using the ruchika@anomastone.com email
3  address, the Court may instead order substitute service on Ruchika's attorney, Mr.
4  Walton. *Richmond Tech., Inc.*, 2011 WL 2607158 at *11-*14 (granting Plaintiff's
5  motion for service upon Indian defendants' counsel pursuant to Rule 4(f)(3).)  This
6  method of service is appropriate because (1) it comports with due process and (2)
7  Ruchika has already given express affirmative consent for all correspondence from
8  Plaintiff to be sent to Mr. Walton, (Chavez Decl., Ex. D).
9  Accordingly, the Court should grant leave to serve the summons and
10 complaint in this case by alternative means as detailed herein and the concurrently-
11 filed proposed order.

13 Dated:  September 8, 2022          NOVIAN & NOVIAN, LLP
                                       Attorneys at Law

15                                     By: _____
16                                         FARHAD NOVIAN
                                           ANTHONY S. CHAVEZ

18                                     Attorneys for Plaintiff SHAHRIAR KHAZAI, an individual